FILED
CLERK, U.S. DISTRICT COURT
NOV 19 2026
CENTRAL DISTRICT OF CALIFORNIA
BY AF DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
Plaintiff,
v.
DAVID EDWARD MIRANDA,
Defendant.

Case No. CR 26-754-JVS

ORDER OF DETENTION

I.

On November 19, 2026, Defendant David Edward Miranda made his initial appearance on the Indictment filed in this matter. Deputy Federal Public Defender Jacquelyn Marrinson was appointed to represent Defendant. The government was represented by Assistant United States Attorney Jordan Patterson. A detention hearing was held.

☒ On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving any felony that is not otherwise a crime of violence that involves

a minor victim, or possession or use of a firearm or destructive device or any other dangerous weapon, or a failure to register under 18 U.S.C. § 2250.

☐ On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

II.

The Court finds that no condition or combination of conditions will reasonably assure: ☐ the appearance of the defendant as required.

☒ the safety of any person or the community.

III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also considered the report and recommendation prepared by U.S. Probation and Pretrial Services.

IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

As to danger to the community:

☒ allegations in the indictment

☒ Criminal History includes 2019 felony conviction for aggravated sexual abuse, sexual abuse, or abusive sexual contact involving a minor, in violation of California Penal Code section 287(f), felony convictions for possession of obscene matter involving minor child in 2020, 2023 and 2024, and violations of parole in 2025 and 2026.

☒ history of law enforcement contacts for failures to appear

☒ Defendant is subject to an active protection order that was issued in 2019 and expires in 2029.

☒ Defendant is on parole with a discharge date in 2028 and has a poor history of compliance with conditions of parole. In addition, Defendant is not permitted to have a cell phone while on parole but at the time of his arrest in this matter, he was found to be in possession of a cell phone.

☒ unrebutted presumption

V.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will

deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: November 19, 2026

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE